IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND C. PULLIAM<br>421 Tuscany Place<br>Hollister, CA 95023<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION<br>AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>and<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br>The Pentagon, 1400 Defense<br>Washington, DC 20301<br><br>and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br><br>   Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 15-1405<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1.  Plaintiff Raymond C. Pulliam ("Plaintiff") brings this action seeking declaratory

and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendants United States Environmental Protection Agency ("EPA"), United States Department of Defense ("DOD") and United States Department of Justice ("DOJ") in failing to provide Plaintiff with all non-exempt records responsive to his FOIA requests sent to each of these federal agencies, seeking records regarding their investigation into toxic contamination at former U.S. Army base Fort McClellan.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Raymond C. Pulliam, is an individual who, at all times relevant herein, has resided in Hollister, California.

5. Defendants United States Environmental Protection Agency, United States Department of Defense and United States Department of Justice are each federal agencies of the United States, and as such, are subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

### Environmental Protection Agency FOIA Request

13. On or about February 25, 2015, Plaintiff sent a FOIA request to the United States Environmental Protection Agency ("EPA"), seeking records related to toxic contamination occurring at former U.S. Army base Fort McClellan.

14. On or about February 25, 2105, Plaintiff received notice of receipt of his FOIA request from the EPA, which assigned the request tracking number EPA-R4-2015-004592.

15. On or about February 27, 2015, LouAnn Gross, Chief, Information Access Section of the EPA, sent an email to Plaintiff notifying him that FOIA Specialist Donna Robinson had been assigned to his FOIA request of February 25, 2015, EPA-R4-2015-004592.

16. On or about March 04, 2015, Larry F. Gottesman, EPA National FOIA Officer, sent a letter to Plaintiff denying a fee waiver for his February 25, 2015 FOIA request. Mr. Gottesman's letter also stated that Plaintiff could appeal this decision to the EPA's National Freedom of Information Office within 30 calendar days.

17. On or about March 6, 2015 Plaintiff appealed the EPA's fee waiver denial decision.

18. On or about March 10, 2015, Shirley Blair of the Office of General Counsel for the EPA sent a letter to Plaintiff acknowledging receipt of his fee waiver denial appeal.

19. On or about March 12, 2015, LouAnn Gross, Chief, Information Access Section of the EPA, sent Plaintiff a letter notifying him that his FOIA request of February 25, 2015 was being transferred to the National Freedom of Information Act Office at EPA Headquarters with a recommendation it should be forwarded to the Office of Inspector General (OIG) for processing.

20. On or about March 16, 2015, Defendant EPA emailed Plaintiff to inform him that his FOIA request of February 25, 2015 was having its tracking number changed from EPA-R4-2015-004592 to EPA-HQ-2015-004592.

21. On or about April 24, 2015, Kevin Miller, Assistant General Counsel General Law Office of the EPA sent a letter to Plaintiff stating that there were no chargeable fees for Plaintiff's FOIA request, his fee waiver denial appeal was considered moot by the agency.

22. On or about June 18, 2015, Plaintiff emailed the Office of Inspector General for the EPA requesting a status update on his February 25, 2015 FOIA request.

23. On or about July 1, 2015, Plaintiff emailed the Office of Inspector General for the EPA, once again requesting a status update on his February 25, 2015 FOIA request.

24. On or about July 2, 2015, Plaintiff emailed the Office of Inspector General for the EPA requesting a status update on his February 25, 2015 FOIA request.

25. On or about July 6, 2015, Scott Levine, Associate Counsel/OIG FOIA Officer of the Office of Inspector General emailed the Plaintiff to let the Plaintiff know that he was looking into whether there had been any responsive documents and how long it may take to process those documents.

26. As of the date of the filing of this action, Plaintiff has not received a final response, nor any responsive records from the EPA to his February 25, 2015 FOIA request to that agency.

**Department of Defense FOIA Request**

27. On or about December 13, 2014, Plaintiff sent a FOIA request to the United States Department of Defense ("DOD") seeking records pertaining to an investigation into toxic contamination at former US Army base Fort McClellan.

28. On or about December 15, 2014, Defendant sent an email acknowledging receipt of the FOIA request, assigning it case number 14-F-0450 and giving an estimated delivery date of January 14, 2015.

29. On or about January 12, 2015, Plaintiff received a letter from Suzanne Council, Senior Advisor Office of the Secretary of Defense and Joint Staff (OSD/JS)

stating that Plaintiff's December 15, 2014 FOIA request was overly broad and would need to be narrowed by January 23, 2015 in order for the agency to initiate their search for responsive records.

30. On or about January 12, 2015, Plaintiff sent an email to Ms. Council modifying and narrowing his December 15, 2014 FOIA request.

31. On or about January 15, 2015, Mr. Reynaldo Williams, Government Information Specialist for the DOD's OSD/JS FOIA Office, sent an email to Plaintiff notifying him that the December 15, 2014 FOIA request had been assigned case number 15-F-0450. Further Plaintiff was notified that the agency was unable to meet the 20 day statutory time period because of unusual circumstances. Lastly, Plaintiff was informed that he could appeal this decision if he was not satisfied with this action.

32. On or about January 15, 2015 Plaintiff filed an appeal of the DOD's January 15, 2015 response to FOIA case number 15-F-0450.

33. On or about March 6, 2015 Plaintiff emailed Mr. Reynaldo Willliams, Government Information Specialist for the DOD's OSD/JS FOIA Office, requesting the status of his December 15, 2014 FOIA request.

34. On or about March 6, 2015, Mr. Reynaldo Williams, Government Information Specialist for the DOD's OSD/JS FOIA Office, emailed the Plaintiff that Plaintiff's FOIA request was still being processed, and that he had the option to petition the Appellate Authority if he was not satisfied with the action.

35. On or about June 8, 2015 Plaintiff sent another email to Mr. Williams, Government Information Specialist for the DOD's OSD/JS FOIA Office, once again requesting information regarding the status of his December 15, 2014 FOIA request.

36. On or about June 22, 2015, Mr. Reynaldo Williams, Government Information Specialist for the DOD's OSD/JS FOIA Office,  sent an email to Plaintiff stating that a request for documents had been submitted to the offices conducting the search for documents responsive to Plaintiff's FOIA request of December 15, 2014, and that no responsive records had been located as of that date.

37. On or about July 1, 2015 Plaintiff sent an email to Reynaldo Williams requesting to know when the FOIA request would be resolved.

38. On or about July 13, 2015 Plaintiff sent an email to Reynaldo Williams notifying the agency of the Plaintiff's intent to file a lawsuit in order to compel release of the documents.

39. As of the date of the filing of this action, Plaintiff has not received a final response, nor any responsive records from the DOD to his December 13, 2014 FOIA request to that agency

### Department of Justice FOIA Request

40. On or about February 25, 2015, Plaintiff sent a FOIA request to the Department of Justice's Inspector General Office, seeking records pertaining to an investigation into toxic contamination at former US Army base Fort McClellan.

.

41. On or about March 3, 2015 Jeanetta M. Howard, Government Information Specialist, DOJ Office of the General Counsel, sent a decision letter to Plaintiff stating that there were no responsive documents located in the DOJ's Office of Inspector General (OIG). Plaintiff was further notified that if he was not satisfied with the DOJ's response to his FOIA request, he could file an appeal of this decision to the Director, Office of Information Policy (OIP), U.S. Department of Justice, within 60 days.

42. On or about March 22, 2015 Plaintiff administratively appealed the DOJ Inspector General's Office March 3, 2015 decision to the DOJ Office of Information Policy (OIP).

43. On or about April 2, 2015, Priscilla Jones, Supervisory Administrative Specialist for the DOJ OIP sent a letter to the Plaintiff notifying him that his administrative appeal was received on March 22, 2015, and had been assigned number AP-2015-02457.

44. On or about July 9, 2015, Plaintiff emailed the DOJ Office of Information Policy, requesting an update as to the status of his FOIA appeal for AP-2015-02457.

45. On or about August 21, 2015, Matthew Hurd, Senior Attorney, on behalf of Sean O'Neill, Chief, Administrative Appeals Staff for Defendant DOJ Office of Information Policy, issued a decision affirming the DOJ Office of Inspector General's March 3, 2015 FOIA decision.

## VII. CLAIMS FOR RELIEF

**First Claim: Environmental Protection Agency Violations of FOIA**

46. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 26 previously set forth herein.

47. Defendant EPA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his February 25, 2015 FOIA request.

48. By failing to provide Plaintiff with all non-exempt responsive record to his FOIA request as described in paragraph 47 herein, Defendant EPA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

49. Unless enjoined by this Court, Defendant EPA will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 47 above.

50. Plaintiff is directly and adversely affected and aggrieved by Defendant EPA's failure to provide responsive records to his FOIA request described above.

51. Plaintiff has been required to incur costs and fees in this matter.

52. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Second Claim - United States Department of Defense Violations of FOIA**

53. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 27 - 39 previously set forth herein.

54. Defendant United States Department of Defense (DOD) has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his December 13, 2014FOIA request sent to that agency.

55. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 54 above, Defendant DOD has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

56. Unless enjoined by this Court, Defendant DOD will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 54 above.

57. Plaintiff is directly and adversely affected and aggrieved by Defendant United States Department of Defense failure to provide all responsive records to his FOIA request described in paragraph 54 above.

58. Plaintiff has been required to incur costs and fees in this matter.

59. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### Third Claim - Department of Justice Violations of FOIA

60. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 40 - 45 previously set forth herein.

61. Defendant Department of Justice ("DOJ") has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his February 25, 2015 FOIA

request sent to that agency.

62. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 61 above, Defendant DOJ has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

63. Unless enjoined by this Court, Defendant DOJ will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 61 above.

64. Plaintiff is directly and adversely affected and aggrieved by Defendant DOJ's failure to provide all responsive records to his FOIA request described above

65. Plaintiff has been required to incur fees and costs in this matter.

66. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant EPA has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his February 25, 2015 FOIA request.

2. Direct by injunction that EPA provide Plaintiff with all non-exempt responsive records to Plaintiff's February 25, 2015 FOIA request.

3. Declare Defendant Department of Defense has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his December 13, 2014 FOIA request.

4. Direct by injunction that the Department of Defense provide Plaintiff with all non-exempt responsive records to Plaintiff's December 13, 2014 FOIA request.

5. Declare Defendant Department of Justice has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his February 25, 2015 FOIA request.

6. Direct by injunction that the Department of Justice provide Plaintiff with all non-exempt responsive records to Plaintiff's February 25, 2015 FOIA request.

7. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

8. Provide such other relief as the Court deems just and proper.

DATED: This 28th day of August, 2015.

Respectfully submitted,

 /S/
_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**